IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

YURI PETRINI and SUMIRE MAEDA                                    PLAINTIFFS

VERSUS                                      CIVIL ACTION NO. 1:25cv233-LG-RPM

CITY OF BILOXI, MISSISSIPPI; ET AL                               DEFENDANTS

Administratively Consolidated with

CIVIL ACTION NO. 1:25cv178-LG-RPM
CIVIL ACTION NO. 1:25cv254-LG-RPM

CITY OF BILOXI, MISSISSIPPI; ET AL                               DEFENDANTS

**BRIEF IN SUPPORT OF MOTION TO DISMISS DEFENDANTS,
PETER C. ABIDE AND CURRIE JOHNSON & MYERS, P.A.**
,

COMES NOW the Defendants, PETER C. ABIDE ("ABIDE"), AND CURRIE JOHNSON & MYERS, P.A. ("Currie Johnson"), by and through their counsel of record, and, pursuant to Rule 12(b)(1) and (7) of the Federal Rules of Civil Procedure, submits this Brief in Support of Motion to Dismiss SECOND AMENDED COMPLAINT filed against them by Plaintiffs, Yuri Petrini ("Petrini") and Sumire Maeda ("Maeda"), with prejudice, and would respectfully show unto the Court the following, to-wit:

INTRODUCTION

This Second Amended Complaint involves property located at 929 Division Street and 287 Bohn Street. Plaintiffs' do not allege that they individually own any property in the Historic District. It is undisputed that these two properties are owned by an LLC identified as Megalopolis Two LLC. See Exhibit 1 Warranty Deed and Exhibit 2 Applications to City of Biloxi Department of Community Development.

Plaintiffs also make allegations regarding the property they do own at 1606 Beach Blvd, however these claims appear to be duplicative of Plaintiffs claims in CA No. 25cv178, therefore these Defendants adopt by reference its Motion and Brief in Support thereto and move to dismiss this action on the same grounds. These Defendant will only address new issues raised in CA No. 25cv233 to avoid duplication and additional burden on the Court.

I.
## LACK OF STANDING AND/OR UNAUTHORIZED PRACTICE OF LAW

These Defendants, Abide and Currie Johnson, submit this civil action must be dismissed for lack of standing under either FRCP Rule 12(b)(1) Article III standing or Rule 12(b)(6) for statutory standing. Pursuant to Fed. R. Civ. P. 17(a)(1) — Real Party in Interest: "An action must be prosecuted in the name of the real party in interest….". A member of an LLC. *L & F Homes & Dev., L.L.C. v. City of Gulfport*, 538 F. App'x 395, 408 (5th Cir. 2013). A stockholder in a corporation does not have standing to bring suit in his own name for injuries sustained by the corporation. *Bellows v. Amoco Oil Co.,* 118 F.3d 268, 277 (5th Cir.1997). This is true even where that individual is the sole shareholder of a corporation. *Id.* at 276–77.

Plaintiffs, Petrini and Maeda, have no authority to represent the limited liability company, Megalopolis Two, LLC, which owns the property located at 929 Division Street, and/or 287 Bohn Street Biloxi, Ms. See Exhibit 1 attached hereto – Warranty Deed to 929 Division Street/287 Bohn Street; Exhibit 2 attached hereto – Application for Permits in the name of Megalopolis. Plaintiffs have no standing to bring actions on behalf of an LLC. The burden of establishing standing to sue lies squarely on the party claiming subject-

matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, (1992); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986). Plaintiffs similarly lack standing to assert claims of the LLC concerning property which Plaintiffs do not own. Even though Petrini is the sole member of Megalopolis Two, Plaintiffs do not have Article III standing to raise claims on behalf of that LLC. *U. S. v. All Funds in the Account of Prop. Futures, Inc.*, 820 F.Supp.2d 1305, 1329 (S.D. Fla.2011), aff'd sub nom. *U. S. v. ADT Sec. Servs., Inc.*, 522 Fed.Appx. 480 (11th Cir. 22013) (inority-interest members of Florida LLCs lacked Article III standing to assert claims in civil forfeiture action, on members' own behalf, to defendant real properties owned by LLCs, which were allegedly acquired as the result of fraud; minority-interest members had no ownership interest in the specific real properties that were subject to forfeiture, merely a proportionate equitable interest in LLCs' general holdings).

The doctrine of standing generally assesses whether that interest exists at the outset." *Uzuegbunam v. Preczewski*, ––– U.S. –––, 141 S. Ct. 792, 796, 209 L.Ed.2d 94 (2021). "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, ––– U.S. –––, 141 S. Ct. 2190, 2203, 210 L.Ed.2d 568 (2021). In order to assert an injury to a real property interest a plaintiff must own the real property at all stages of the litigation. *Finneman v. Laidlaw*, 57 F.4th 605, 608 (8th Cir.2023) ("Because the Finnemans have no interest in the properties, they cannot show they suffered an injury in fact that would likely be redressed by judicial relief and have no standing to pursue the claim. … The district court properly granted the Laidlaws' motion

to dismiss for lack of standing."). The Court should likewise grant Defendants' Motion to Dismiss for lack of standing the Plaintiffs.

Additionally, neither of the Plaintiffs, are lawyers licensed to practice law in Mississippi, and cannot represent an LLC *pro se*. Petrini lacks standing to bring any suit related to property located at 929 Division Street or 287 Bohn Street, Biloxi, MS. "It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony,* 506 U.S. 194, 201–02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) (citations omitted). This "rule applies equally to all artificial entities." *Id.* at 202; *see also Lattanzio v. COMTA,* 481 F.3d 137, 140 (2d Cir.2007) (applying rule to a limited liability company). Consequently, it clear that Petrini may not bring suit on properties he does not own and Megalopolis Two, LLC may not proceed in this Court with Petrini, a non-lawyer, signing pleadings and other legal filings on its behalf. See e. g. *Pro-Logistics Forwarding (Pty) Ltd. v. Robison Tire Co.*, No. 2:13CV83-KS-MTP, 2013 WL 6507347, at *7 (S.D. Miss. Dec. 12, 2013).

28 U.S.C. § 1654 says that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. The Fifth Circuit has stated this provision to comprehensively list all the ways that a party may appear in federal court. See *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998). So, "a party can represent himself or be represented by an attorney," *Id.*, because § 1654 says he can. On the other hand, Megalopolis Two LLC "cannot be represented by a nonlawyer," because the statute does not include the phrase, "or by a nonlawyer." *Id.* Yuri Petrini and Sumire Maeda are non-lawyers therefore cannot represent Megalopolis Two LLC or its interests.

Petrini and Maeda have attempted to bring claims which clearly belong to or on behalf of Megalopolis Two LLC and not them individually. Mississippi law makes it unlawful for a *person who is not licensed* to practice law to engage in legal activities such as writing or dictating papers to be filed in court, giving legal advice, preparing legal instruments, etc. See Miss Code § 73-3-55. Plaintiffs have obviously prepared the Amended Complaints and other pleadings this action, 25cv233, which clearly belong to or on behalf of Megalopolis Two LLC. Megalopolis Two LLC must have an attorney. Yuri Petrini cannot prepare pleadings for and file claims for Megalopolis Two LLC as such constitutes the unauthorized practice of law. "Any person who shall for fee or reward or promise, directly *or indirectly*, write or dictate any paper or instrument of writing, to be filed in any cause or proceeding pending, or to be instituted in any court in this state, or give any counsel or advice therein……shall be held to be engaged in the practice of law." Miss Code § 73-3-55; see also § 73-3-59. (Emphasis added). Yuri Petrini has previously claimed that he has not violated Miss Code § 73-3-55[1] or § 73-3-59 because he is not representing anyone for "fee or reward or promise, directly or indirectly". Contrary thereto Yuri Petrini and his wife, Sumire Maeda in the subject Second Amended Complaint seek damages, actual and punitive, and Yuri Petrini and his wife are clearly seeking to be "rewarded" directly or indirectly[2] therefore he and his wife are clearly in violation of the criminal statutes prohibiting the unlicensed practice of law. Megalopolis Two LLC must hire an attorney to represent it.

The Second Amended Complaint should be dismissed.

---

[1] Punishable under Miss Code § 97-23-43.
[2] See e. g. *Darby v. Mississippi State Bd. of Bar Admissions*, 185 So. 2d 684, 687 (Miss. 1966) [She made a campaign promise to prepare land deeds, deeds of trust, and notes for the local populace].

II.
MISSISSIPI PUBLIC RECORDS ACT

A review of the Second Amended Complaint filed in CA No. 25cv233 reveals that the only factual allegations against these Defendants, Peter Abide and Currie Johnson, are complaints that they denied Plaintiffs' "public records" requests to the city.  See Second Amended Complaint CA No 25cv233 (DKT#40), "Statement of Facts" para. 7, Count II, para. 4., Count XIV, para. 2, Count XV, para. 2.  Other than the Plaintiffs allegations that the Defendants, Abide and Currie Johnson denied their public records requests, the Second Amended Complaint is totally devoid of any "facts" much less "well pleaded facts" on any claims against these Defendants.

Plaintiffs make various claims in the Second Amended Complaints against Defendants, Peter Abide and his law firm, Currie Johnson, based upon denial of public records under the Mississippi Public Records Act.  The Mississippi Public Records Act is very specific as to the procedures on requesting and appealing denials of request for public records.  Defendants, Peter Abide and his law firm, Currie Johnson's advice to client, City of Biloxi, regarding responses to requests for public records does not create any action on behalf of the Plaintiffs.  Plaintiffs' remedy is to follow the procedures in the Mississippi Public Records Act. *Miss. Code Ann*. §§ 25-61-1 et seq.  Under the Mississippi Public Records Act, a requester may seek an advisory opinion from the Mississippi Ethic Commission and/or appeal directly to chancery court within 30 days of a denial or non-response. Miss Code § 25-61-13(1). Procedures that Plaintiffs clearly failed to follow before filing in this Court. Any claims related to Petrini's public records requests or denials thereof should be dismissed.

III.

PROCEDURAL DUE PROCESS CLAIMS
FRCP Rule 12(b)(6)

Plaintiff's Second Amended Complaint additionally fails to state a claim upon which relief can be granted against these Defendants under FRCP Rule 12(b)(6) and should be dismissed. To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's pleadings must meet the standards described in *Arc Controls, Inc. v. M/V Nor Goliath*, 2020 WL 5988065, at *2 (S.D. Miss. Oct. 8, 2020). When reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true particular with the myriad of Plaintiffs' legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Pleadings must show specific, **_well-pleaded facts_** rather than conclusory allegations. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

Plaintiffs filed this civil action against the City and its employees, and their attorneys, Peter Abide and his law firm, Currie Johnson, alleging various claims for civil rights violations related to his alleged City Code violations at properties he owns located 1606 Beach Boulevard[3] and 929 Division Street[4] in the City of Biloxi. The subject Second Amended Complaint alleges claims arising from property owned by Megalopolis Two LLC

---

[3] The dispute at this property has to do with alleged code violations for Petrini and his wife's home and pool under construction and such are also before the administrative bodies with the City of Biloxi.

[4] The dispute at this property has to do with alleged code violations regarding a fence the owner, Megalopolis Two LLC, constructed and such are also pending before the administrative bodies with the City of Biloxi. Petrini also makes reference to a property he identifies as 287 Bohn Street, which is also owned by Megalopolis Two LLC and part of the property at 929 Division Street.

at 929 Division Street and 287 Bohn Street, and NOT by the Plaintiffs.  See Exhibit 1 Warranty Deed and Exhibit 2 – Application for Permit

Petrini does not set forth any "**_well-pleaded facts_** rather than conclusory allegations" against the Defendant, Peter Abide and Currie Johnson.  Plaintiffs simply claim these Defendants allegedly denied public records requests to them.  The denial of public records request by a city is merely the beginning of the procedural due process for obtaining public records.  Petrini and Maeda had the right to file an appeal to the Mississippi Ethic Commission or file a Complaint in the Chancery Court of Harrison County, Mississippi to address such and if not satisfied therewith an appeal to the Mississippi Supreme Court.  Petrini and Maeda simply did not do so. *Miss. Code Ann*. §§ 25-61-1 et seq.  Such certainly does not give rise to a constitutional violation. Nothing would have prevented Petrini and Maeda from being able to pursue the public records **following such procedures** nor do they even allege such procedures were not "adequate" or "fair".

The Plaintiffs' Second Amended Complaint fails to state a claim upon which relief may be granted for violation of "14th Amendment Procedural Due Process."  Petrini was admittedly aware of the procedures for requesting public records and alleged denials thereof and reasonable opportunity to pursue such by his own admissions.  In fact, Petrini filed just such an appeal to the Mississippi Ethics Commission on "three separate public records requests submitted on August 19, August 21, and August 27, 2024."  See Exhibit 3 Opinion 24-038 Miss Ethic Commission. The Plaintiffs' Second Amended Complaint in civil action in so far as these Defendants are concerned relate to the denial of his public records request as basis for his claims against these Defendants.  However, it's

undisputed that Plaintiffs failed to follow the procedures established by *Miss. Code Ann*. §§ 25-61-1 et seq. *Schafer v. City of New Orleans*, 743 F.2d 1086, 1089 (5th Cir. 1984) (citing *Cafeteria & Rest. Workers Union, Loc. 473, AFL-CIO v. McElroy*, 367 U.S. 886, 894-95, 81 S. Ct. 1743, 1748, 6 L. Ed. 2d 1230 (1961); *Mathews*, 424 U.S. at 340-49, 96 S.Ct. 893); *see also Abraham v. City of Mandeville*, 638 F. Supp. 1108, 1113 (E.D. La. 1986), *aff'd*, 814 F.2d 657 (5th Cir. 1987) (finding plaintiffs' procedural due process claim without merit because "plaintiffs were given due notice of the many meetings of the Commission and the Council regarding the rezoning of the property" and explaining that "they had an adequate opportunity to participate and be heard."). The Plaintiffs on the face of their Second Amended Complaint as to these Defendant allege only that they were denied public records request, however Plaintiffs ignore the procedures they were certainly well aware of but simply did not follow. "[P]rocedural due process is simply a guarantee of fair procedure." *Aponte-Rosario v. Acevedo-Vila*, 617 F.3d 1, 10 (1st Cir. 2010). In *Schafer v. City of New Orleans*, the Court held there no claim for violation of procedural due process because the Plaintiff therein "certainly received procedural due process. [The Plaintiff] had actual notice of the introduction of the ordinance, appeared at the hearing preceding its adoption, and availed themselves of the opportunity to argue against its adoption. This sufficed." *Schafer v. City of New Orleans*, 743 F.2d 1086, 1089 (5th Cir. 1984); *920 S. Beach Blvd., LLC v. City of Bay Saint Louis, Mississippi*, No. 1:21-CV-263-TBM-RPM, 2023 WL 2749170, at *1 (S.D. Miss. Mar. 31, 2023) [Plaintiff nevertheless fails to state claim for relief because the process that was provided was constitutionally sufficient]. Taking the Plaintiffs' Second Amended Complaint in the light most favorable to the Plaintiffs, Plaintiffs simply complain Defendant, Abide and Currie

Johnson denied their public records request and nothing more. Plaintiffs had, and do have, adequate procedural processes; therefore, Plaintiffs have failed to state a claim upon which relief may be granted for 14th Amendment Procedural Due Process. See *Miss. Code Ann*. §§ 25-61-1 et seq and Exhibit 3 Opinion 24-038 Miss Ethic Commission. see e. g. *Hickman v. City of Biloxi*, 313 So. 3d 541 (Miss. Ct. App. 2021)

Plaintiffs' procedural due process claims nevertheless fail because adequate state remedies were and are available—and Plaintiffs were clearly aware thereof. Exhibit 3 Opinion 24-038 Miss Ethic Commission. *See Goodman v. City of Cape Coral*, 581 F. App'x 736, 739 (11th Cir. 2014) ("We have repeatedly articulated the basic rule that a procedural due process violation has not occurred when adequate state remedies are available." *920 S. Beach Blvd., LLC v. City of Bay Saint Louis, Mississippi, Id.* at *16

> "A procedural due process claim consists of two elements: (i) deprivation by state action of a protected interest in life, liberty, or property, and (ii) ***inadequate state process***." Reed v. Goertz, 598 U.S. 230, 236 (2023) (citing Zinermon v. Burch, 494 U.S. 113, 125 (1990)). Both the Fourteenth Amendment and § 1983 only "protect[] against acts attributable to a State, not those of a private person." Lindke v. Freed, 601 U.S. 187, 194 (2024); see id. at 195 ("[T]he statutory requirement of action 'under color of state law' and the 'state action' requirement of the Fourteenth Amendment are identical." (quoting parenthetically Lugar v. Edmondson Oil Co., 457 U.S. 922, 929 (1982))).
>
> (Emphasis added).

Clearly there are procedural due processes available to Plaintiffs they failed to follow them. The Fifth Circuit Court of Appeals has repeatedly held that "one who fails to take advantage of procedural safeguards available to him cannot later claim he was denied due process." *Browning v. Odessa*, 990 F.2d 842, 845 n.7 (5th Cir. 1993) (citing *Rathjen v. Litchfield*, 878 F.2d 836, 839 (5th Cir. 1989); *Galloway v. State of Louisiana*,

817 F.2d 1154, 1158 (5th Cir. 1987)).  Such belies any claim of 14th Amendment violation of Due Process and the Court should sustain the Motions to Dismiss.

Plaintiffs have included Defendants, Abide and Currie Johnson in Counts I, II, VII, XIV, XV and XVI, however the Second Amended Complaint is devoid any "well pleaded facts" that support a claim any of said counts against these Defendants, in fact, Plaintiffs repeat claims Defendants, Peter Abide and Currie Johnson as the City's attorneys concealed public records.  No records were concealed a public records request was denied and Plaintiff had every right to follow statutory procedure to challenge that denial either before the Mississippi Ethic Commission or the Chancery Court.  The central claim as stated above is that Defendants, Peter Abide and Currie Johnson as the City's attorneys conceal public records by denying Plaintiffs public records requests.  Plaintiffs do not assert any other "well pleaded" facts to support Counts I, II, VII, XIV, XV and XVI.

In *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322 (11th Cir. 2015) the Eleventh Circuit identified four types of "shotgun pleadings"—imprecise complaints that fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." The first is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint.[22] This leads to a "situation where most of the counts ... contain irrelevant factual allegations and legal conclusions."[23] Second, in *Weiland*, the Eleventh Circuit noted that a shotgun pleading occurs when a complaint is full of conclusory, vague, and immaterial facts not obviously connected to any particular cause of action.[24] The third type of shotgun pleading outlined in *Weiland* is a complaint that fails to separate into a

different count each cause of action or claim for relief.[25] This type of shotgun pleading violates Rule 10(b).[26] Finally, the fourth type of shotgun pleading included in *Weiland* is a complaint which includes multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. Cited in *In re Ozcelebi*, 635 B.R. 467, 472 (Bankr. S.D. Tex. 2021). As to these Defendants, Abide and Currie Johnson, the Second Amended Complaint is nothing more than a shotgun pleading. replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The only "facts" plead as to these Defendant relate to the denial of public records request.

Clearly there are procedural due processes available to the Plaintiffs, they just failed to follow them. Such belies any claim of 14th Amendment violation of Due Process and the Court should sustain the Motions to Dismiss.

VII.

CLAIM SPLITTING

The Defendant has filed a Motion to Consolidate these civil actions. See DKT#87 in CA No. 1:25cv178-LG-RPM which would address some of these issues, however clearly the Plaintiffs have improperly split their claims across at three civil actions.

"Claim-splitting occurs when a single 'cause of action' is split by advancing one part in an initial suit and another part in a later suit." *FDIC v. Nelson*, 1994 WL 93409, at *2 n. 5 (5th Cir. Mar.15, 1994) (*per curiam*) (unpublished table decision). Adopted by the Fifth Circuit in *Super Van Inc. v. City of San Antonio*, 92 F.3d 366 (5th Cir.1996), the rule against claim splitting prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action. In a claim

splitting case, the second suit will be barred if the claim involves the same parties and arises out of the same transaction or series of transactions as the first claim. *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 273 Fed. Appx. 256, 265 (4th Cir.2008) (citations and internal quotations omitted); *Nelson*, 1994 WL 93409, at *2 n. 5 (holding that Fifth Circuit applies the "same transaction" test to determine whether a single claim has been split). "A main purpose behind the rule ... is to protect the defendant from being harassed by repetitive actions based on the same claim." *Super Van Inc.*, 92 F.3d at 371.

"In dealing with simultaneous actions on related theories, courts at times express principles of 'claim splitting' that are similar to claim preclusion, but that do not require a prior judgment." 18 Charles Alan Wright, et al., Federal Practice and Procedure § 4406, at 30 (Supp.2008); see, e.g., *Sensormatic,* 273 Fed. Appx. at 265 (affirming dismissal based on claim-splitting even where there was no final judgment in earlier action); see also, *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 987 n. 1 (10th Cir.2002). "A dismissal on this [claim-splitting] ground has been viewed as a matter of docket management, reviewed for abuse of discretion, even in decisions that with some exaggeration describe the theory 'as an aspect of *res judicata*.'" 18 Wright, et al., supra, § 4406, at 30.

As the claims which the Plaintiffs assert in Cause No. 233 involve the same parties and properties as their claims raised in Cause No. 178, the repetitious claims against these Defendants in Cause No. 233 ought to be barred by the rule against claim-splitting and dismissed.

CONCLUSION

About the only thing that is truly clear in Plaintiffs' Second Amended Complaints he is suing Peter Abide and his law firm, PETER ABIDE AND CURRIE JOHNSON & MYERS, P.A., only for denying their requests for public records pursuant to the Mississippi Public Records Act.  Such did not prevent Petrini from being able to take advantage of the procedural due processes established as set forth hereinabove, and filing the appropriate appeal procedures set forth above.  Based upon the above and forgoing, these Defendants Motions to Dismiss should be granted and these civil actions dismissed.

WHEREFORE, PREMISES CONSIDERED, the Defendants submit this Brief in Support of their Motion to Dismiss move this Court to grant their Motions to Dismiss and dismiss the Plaintiff's Second Amended Complaints with prejudice as to these Defendants.

RESPECTFULLY SUBMITTED, this the 20th day of January, 2026.

PETER ABIDE AND CURRIE JOHNSON & MYERS, P.A., DEFENDANTS

BY AND THROUGH THEIR ATTORNEYS OF RECORD

BOYCE HOLLEMAN & ASSOCIATES

BY:     *s/ Tim C. Holleman*

Tim C. Holleman (MS Bar #2526)
Patrick T. Guild (MS Bar#103739)
BOYCE HOLLEMAN & ASSOCIATES
1720 23rd Ave./Boyce Holleman Blvd.
Gulfport, MS  39501
Telephone: (228) 863-3142
Facsimile: (228) 863-9829
Email:  tim@boyceholleman.com
          patrick@boyceholleman.com

**CERTIFICATE OF SERVICE**

I do hereby certify that I have filed the above and foregoing pleading utilizing the ECF system a true and correct copy of the foregoing document and have mailed by United States Mail, postage prepaid, a true and correct copy of the above and foregoing pleading to the Pro Se Plaintiff at his mailing address as follows:

> Yuri Petrini
> 929 Division Street
> Biloxi, MS 39530
> Email: yuri@megalopolisms.com

THIS this the 20th day of January, 2026.

                                                  *s/ Tim C. Holleman*

Tim C. Holleman (MS Bar #2526)
Patrick T. Guild (MS Bar#103739)
BOYCE HOLLEMAN & ASSOCIATES
1720 23rd Ave./Boyce Holleman Blvd.
Gulfport, MS  39501
Telephone: (228) 863-3142
Facsimile:  (228) 863-9829
Email:  tim@boyceholleman.com
        patrick@boyceholleman.com