IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

YURI PETRINI and SUMIRE MAEDA                                    PLAINTIFFS

VERSUS                                   CIVIL ACTION NO. 1:25cv233-LG-RPM

CITY OF BILOXI, MISSISSIPPI; ET AL                      DEFENDANTS

Administratively Consolidated with

CIVIL ACTION NO. 1:25cv178-LG-RPM
CIVIL ACTION NO. 1:25cv254-LG-RPM

CITY OF BILOXI, MISSISSIPPI; ET AL                      DEFENDANTS

---

## REBUTTAL BRIEF IN SUPPORT OF MOTION TO DISMISS DEFENDANTS, PETER C. ABIDE AND CURRIE JOHNSON & MYERS, P.A.

,

COMES NOW the Defendants, PETER C. ABIDE ("ABIDE"),  AND CURRIE JOHNSON & MYERS, P.A. ("Currie Johnson"), by and through their counsel of record, and, pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure, submits this Rebuttal Brief in Support of Motion to Dismiss SECOND AMENDED COMPLAINT filed against them by Plaintiffs, Yuri Petrini ("Petrini") and Sumire Maeda ("Maeda"), with prejudice, and would respectfully show unto the Court the following, to-wit:

INTRODUCTION

As with both of his other civil actions, Petrini's primary complaint is the City, its employees, and its private attorneys refused to advise him on appeal procedures for his various permits/applications and/or respond to public records requests.  These issues have already been discussed extensively in other briefs; therefore, these Defendants

adopt by reference their Rebuttal Brief (DKT#146) in consolidated action 25cv178 in response thereto.

## II.
## STANDING

Petrini claims, without offering any evidence thereof that he recently conveyed the property at 929 Division Street and 287 Bohn Street from Megalopolis Two LLC to himself, therefore the standing issue is moot.  Far from it standing is determined at the time of filing of the Complaint and not after.  *Bryant v. Holder*, 809 F. Supp. 2d 563, 566 (S.D. Miss. 2011).  At the time of the filing of the Complaint, the property at 929 Division Street and 287 Bohn Street were owned by Megalopolis Two LLC not Petrini.  All the applications for permits were in made on behalf of Megalopolis not Petrini.  See e. g. Exhibits 1, 2, 3, and 4 attached.

Petrini's after acquired title does not give him standing to bring claims on behalf of Megalopolis who owned the property at the time of the filing of this civil action.

## III.
## UNAUTHORIZED PRACTICE OF LAW

Additionally, Petrini is not a lawyer licensed to practice law in Mississippi, and cannot represent an LLC *pro se*. Petrini lacks standing to bring any suit related to property located at 929 Division Street or 287 Bohn Street, Biloxi, MS. "It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony,* 506 U.S. 194, 201–02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) (citations omitted). This "rule applies equally to all artificial entities." *Id.* at 202; *see also Lattanzio v. COMTA,* 481 F.3d 137, 140 (2d Cir.2007) (applying rule to a limited liability company). Petrini may not bring suit on properties he

does not own and Megalopolis Two, LLC may not proceed in this Court with Petrini, a non-lawyer, acting as its lawyer, signing pleadings and other legal filings on its behalf. See e. g. *Pro-Logistics Forwarding (Pty) Ltd. v. Robison Tire Co.*, No. 2:13CV83-KS-MTP, 2013 WL 6507347, at *7 (S.D. Miss. Dec. 12, 2013).

II.
## COUNT I: PROCEDURAL DUE PROCESS - VOID HISTORIC DISTRICT DESIGNATION

While Petrini has included these Defendants in Court I. Petrini makes not a single allegation that these Defendants did anything with respect to the purported "historic district designation" therefore if these claims apply to these Defendants they should be dismissed.   These allegations are insufficient as such are nothing more than shotgun pleadings.  See *Alexander v. Glob. Tel Link Corp.*, No. 3:17CV560-LG-RHW, 2018 WL 8997439 (S.D. Miss. Dec. 18, 2018) citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322 (11th Cir. 2015) [involved a complaint which included multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.]   As to these Defendants, Abide and Currie Johnson, Second Amended Complaint is nothing more than a shotgun pleading without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against, therefore should be dismissed.

## COUNT II: SUBSTANTIVE DUE PROCESS - CONSCIENCE-SHOCKING CONDUCT
### 42 U.S.C. § 1983 - Fourteenth Amendment - Against: Jerry Creel, Peter C. Abide, Currie Johnson, Jennifer Polk, Tara Busby, City of Biloxi

The sole and only allegation against these Defendants appears in Count II para. 4, at p. 10.:  "As detailed in Statement of Facts P7, Defendants Abide and Johnson denied

Yuri's personal public records requests seeking documentation of the district's creation to prevent exposure that the designation lacks required procedural foundation. This demonstrates consciousness of guilt and deliberate concealment of constitutional violations affecting Yuri personally."

Paragraph 7 The Records Obstruction at p. 7

7. After Plaintiffs filed suit, he submitted public records requests on June 23, 2025. On June 27, Defendants Peter Abide and Currie Johnson denied them as "fishing expedition" stating "because you sued us." Abide and Johnson denied requests for 2019 historic district expansion records.

Plaintiff, Petrini, repeatedly claims that these Defendants violated the Mississippi Public Records Act. This Honorable Court does not have jurisdiction over Petrini's alleged public record violation claims and the claims against these Defendants for responding to such request do not arise to a denial of due process. In fact, the Mississippi Public Records Act provides adequate due process to Petrini, he refuses to follow such.

The Mississippi Public Records Act is codified at Miss. Code Ann. § 25-61-1, et seq. Mississippi Public Records Act contains the "process" to obtain "public records". Plaintiff has availed himself of those procedures including appealing (and losing [2]) to the Mississippi Ethics Commission. Miss. Code Ann. § 25-61-13. "[A]lleged violation of the Mississippi Public Records Act does not implicate a federally protected right." *Bernegger v. Off. of State Auditor of Miss.*, No. 3:12-cv-161-DPJ-FKB, 2012 WL 2573246, at *2 (S.D. Miss. July 2, 2012); *Riley v. Petal Ms City Gov't*, No. 2:23-CV-00037-HSO-BWR, 2024 WL 4720288, at *4 (S.D. Miss. May 31, 2024), *report and recommendation adopted,* No. 2:23-CV-037-HSO-BWR, 2024 WL 4449863 (S.D. Miss. Oct. 9, 2024). These claims must be dismissed against these Defendants.

## COUNT VIII: CONSPIRACY TO DEPRIVE CIVIL RIGHTS

Count VIII paragraph 2 references these Defendants as follows:  2. Abide and Johnson conceal public records that would expose the district illegality". This is the sole allegation under Court VIII.

These allegations are insufficient as such are nothing more than shotgun pleadings.  See *Alexander v. Glob. Tel Link Corp.*, No. 3:17CV560-LG-RHW, 2018 WL 8997439 (S.D. Miss. Dec. 18, 2018) citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322 (11th Cir. 2015) [involved a complaint which included multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.]   As to these Defendants, Abide and Currie Johnson, Second Amended Complaint is nothing more than a shotgun pleading without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against, therefore should be dismissed.

This Honorable Court does not have jurisdiction over Petrini's alleged  public record violation claims and  the claims against these Defendants for responding to such request do not arise to a denial of due process.  In fact, the Mississippi Public Records Act provides adequate due process to Petrini, he refuses to follow such.

The Mississippi Public Records Act is codified at Miss. Code Ann. § 25-61-1, et seq. Mississippi Public Records Act contains the "process" to obtain "public records". Plaintiff has availed himself of those procedures including appealing (and losing [2]) to the Mississippi Ethics Commission.  Miss. Code Ann. § 25-61-13.  "[A]lleged violation of the Mississippi Public Records Act does not implicate a federally protected right." *Bernegger*

*v. Off. of State Auditor of Miss.*, No. 3:12-cv-161-DPJ-FKB, 2012 WL 2573246, at *2 (S.D. Miss. July 2, 2012); *Riley v. Petal Ms City Gov't*, No. 2:23-CV-00037-HSO-BWR, 2024 WL 4720288, at *4 (S.D. Miss. May 31, 2024), *report and recommendation adopted,* No. 2:23-CV-037-HSO-BWR, 2024 WL 4449863 (S.D. Miss. Oct. 9, 2024).

The same arguments apply to Counts XIV State Law - Abuse of Process and XV State Law – Intentional Infliction of Emotional Distress.

These claims must all be dismissed against these Defendants.

Counts III through VII., Counts IX through XIII, and XVI. do not apply to these Defendants therefore are not addressed herein.

Again the gravamen of Petrini's claims in all of these three civil actions basically arise from Petrini's failure to follow the "procedures" set forth under the City Ordinances of Biloxi and state statutory law. He is basically asking this court to step in and act as the appellate process when has failed to pursue the process.

City of Biloxi Ordinances and state law provide adequate procedural due process which Petrini just refuses to follow them. See Biloxi, MS, Code of Ordinances Sec. 5-1-3 and Miss. Code Ann. Sec. 11-51-75.[1]:

Petrini did not need to "talk" with anyone to follow these procedures. And Petrini does not claim the city employees would not communicate in writing with him and in fact they did. Further Petrini himself admits he was accorded hearings both before Board of Adjustments and the Municipal Court and clearly had other due process appeals available to him there if he so chose and was advised as those procedures. See EX 1 10.1.25 Post

---

[1] Pursuant to Sec. 5-1-3, Petrini may appeal decisions of the building official to Building and Housing Board of Adjustments and Appeals. Board decisions pertaining to variances may be appealed to City Council by filing a notice of appeal within ten days. All other decisions may be appealed to the Circuit Court of Harrison County pursuant to Miss. Code Ann. Sec. 11-51-75.

Status Conference Correspondence attached hereto.  *Schafer v. City of New Orleans*, 743 F.2d 1086, 1089 (5th Cir. 1984) (citing *Cafeteria & Rest. Workers Union, Loc. 473, AFL-CIO v. McElroy*, 367 U.S. 886, 894-95, 81 S. Ct. 1743, 1748, 6 L. Ed. 2d 1230 (1961); *Mathews*, 424 U.S. at 340-49, 96 S.Ct. 893); *see also Abraham v. City of Mandeville*, 638 F. Supp. 1108, 1113 (E.D. La. 1986), *aff'd*, 814 F.2d 657 (5th Cir. 1987) (finding plaintiffs' procedural due process claim without merit because "plaintiffs were given due notice of the many meetings of the Commission and the Council regarding the rezoning of the property" and explaining that "they had an adequate opportunity to participate and be heard.").  Petrini simply ignores the procedures he was certainly well aware of but simply did not follow.  "[P]rocedural due process is simply a guarantee of fair procedure."  *Aponte-Rosario v. Acevedo-Vila*, 617 F.3d 1, 10 (1st Cir. 2010). In *Schafer v. City of New Orleans*, the Court held there no claim for violation of procedural due process because the Plaintiff therein "certainly received procedural due process. [The Plaintiff] had actual notice of the introduction of the ordinance, appeared at the hearing preceding its adoption, and availed themselves of the opportunity to argue against its adoption. This sufficed." *Schafer v. City of New Orleans*, 743 F.2d 1086, 1089 (5th Cir. 1984); *920 S. Beach Blvd., LLC v. City of Bay Saint Louis, Mississippi*, No. 1:21-CV-263-TBM-RPM, 2023 WL 2749170, at *1 (S.D. Miss. Mar. 31, 2023) [Plaintiff nevertheless fails to state claim for relief because the process that was provided was constitutionally sufficient]. Petrini had, and does have, adequate procedural processes; therefore, he has failed to state a claim upon which relief may be granted for 14th Amendment Procedural Due Process.  *See Goodman v. City of Cape Coral*, 581 F. App'x 736, 739 (11th Cir. 2014) ("We have repeatedly articulated the basic rule that a procedural due process violation

has not occurred when adequate state remedies are available." *920 S. Beach Blvd., LLC v. City of Bay Saint Louis, Mississippi*, *Id.* at *16

There were and are procedural due processes available to Petrini, he just failed or refuses to follow them.  Such belies any claim of 14th Amendment violation of Due Process and the Court should sustain the Motions to Dismiss.

PETRINI'S CLAIMS

Finally so the Court can see for itself the truth as the various claims of Petrini, a few are set forth hereinafter:

EXHIBIT A.   THE PERJURED AFFIDAVITS.

Petrini claims the Affidavits of Mr. Creel contained perjured testimony because he claims Creel swore under oath in four affidavits that Petrini was doing work on his property "on July 10, 2025".  Petrini claims he was not present on July 10,  therefore in his mind Creel committed perjury.

The Affidavits are attached as Exhibit A and of course they allege that Petrini violated various sections of the City Ordinances "***on or about*** the 10th day of July, 2025" NOT "on July 10, 2025".  The Affidavits are not perjured and Petrini was in fact guilty of each of the offenses alleged in them but for an agreement as represented in the Order dated September 18, 2025 below, he would have been found guilty.  As the Court is well aware this is very typical language in any Indictment or Affidavit charging a crime "on or about" a certain date

EXHIBIT B. SUMMONS DATED BEFORE THE AFFIDAVITS.

Petrini also made claims that the summons was dated July 9, 2025 one day before the affidavits were even signed. While it is unclear what the significance of such is to

Petrini, the Summons were not served until July 11, 2025. A typewritten date at the top of the summons is, in fact, dated "July 9, 2025", however there is no evidence that such was anything other than a typo or a mistake and such makes no difference whatsoever.

EXHIBIT C.  THE ORDER OF DISMISSAL.

Petrini claims he was subject to an illegal cease and desist order however he neglects to tell the Court he electronically signed an agreed Order of Dismissal on September 18, 2025 which stated "this matter came before this Court on agreement between the Prosecution, City of Biloxi, Mississippi, and the Defendant, Yuri Petrini…". This agreed order further provided:

> ORDERED, ADJUDGED, AND DECREED, that the Stop Work Order shall remain in full force and effect until either: (I) Yuri Petrini and the City of Biloxi 's Community Development Department reach an agreement as to how the building will continue so that all safety concerns are addressed, or (2) A Court of competent jurisdiction makes a final determination as to whether Yuri Petrini can continue building."

Petrini's claims about the illegal stop work order are without basis as Petrini himself agreed to such as part of his agreement to dismiss his case.

EXHIBIT D – THE TRAFFIC VIOLATION.

The Court will recall during the CMC, Petrini was placed under oath and the Court attempted to have Petrini explain his claims.  During the course of the colloquy Petrini argued his claims of conspiracy in Biloxi against him was proven by something he said at the September 30, 2025 status conference, when he advised Judge Myers that he never had so much as a "traffic ticket" and lo and behold the very next day he got a traffic ticket in Biloxi which proves a conspiracy against him.  It is true Petrini got a traffic ticket the very next day in Biloxi, however it was not due to any conspiracy, it was Petrini's admittedly driving 70 miles an hour in a 45mph zone on Beach Blvd (Highway 90).  He

plead guilty and took the adult driving school class to keep it off his record. Such is a blatant misrepresentation to this Court under oath. There are many more examples however the above illustrates why Petrini resorts to "shotgun pleadings" as when examine the details his claims are exposed.

E. STANDING ORDER TO SEAL (DKT#135-3 in CA No. 25cv178) adopted by reference, Petrini makes much ado about nothing over so called "standing order" entered in every case in the Municipal Court when a party request discovery. The order does nothing more than advise a Defendant that if he/she request discovery "all discovery in the above captioned matter be sealed and it's use restricted to the Defendant, Defendant's Attorney and/or any expert witnesses retained in anticipation of litigation. The standing order simply follows the Mississippi Rules of Criminal Procedure Rule 17.6 "(b) Use of Discovery Material. The attorney receiving discovery material is responsible for those materials and shall not distribute them to third parties." Clearly it is a standing order of the Court to be applied *in all cases nothing more nothing less*. Contrary to Petrini's claims there is nothing untoward or evil about the so called standing order.

F. THE DEATH THREAT (DKT#135-21 in CA No. 25cv178) adopted by reference. Petrini dramatically asserts he received a "death threat" by virtue of a note he found which states: "Light is Out as of 7/29". Not sure how Petrini's mind could possibly imagined such was a death threat, as perhaps the note simply meant a "light is out as of 7/29".

In summary, Petrini's problems all arise out of his failure to simply comply with the city building code ordinances at both Beach Blvd and Division Street. On Beach Blvd., he submitted plans and obtained permits thereon, then changed the building construction without advising the city or submitting new plans for approval or a new permit, he installed

a steel deck without plans or inspections, he install stairs without plans or inspections, he installed a concrete slab under the steel deck without plans or inspections and he install a pool without a permit.  At Division Street he did much the same.  He got a permit for a new roof, then began to add a 2nd floor without an plans or permits. It goes on and on. No one with the City wants anything other than for Petrini to comply with life safety codes of the city and finish his construction if such can be done with safe assurances.  If Petrini was not happy with findings of the building code office he had the right to appeal to the City Council and then to the Circuit Court.  Same with his assertions about the Public Records Requests.  If he was dissatisfied with the City's response to his requests, he simply had to follow the statutory procedures appeal to the Ethics Commission or to the Chancery Court.  What Petrini does not have is a violation constitutional of due process rights!!  A procedural due process violation has not occurred when adequate state remedies are available." *920 S. Beach Blvd., LLC v. City of Bay Saint Louis, Mississippi*, *Id.* at *16.  And one has not occurred here.  These cases must be dismissed.

CONCLUSION

About the only thing that is truly clear in Plaintiffs' Second Amended Complaints he is suing Peter Abide and his law firm, PETER ABIDE and CURRIE JOHNSON & MYERS, P.A., only for denying their requests for public records pursuant to the Mississippi Public Records Act.  Such did not prevent Petrini from being able to take advantage of the procedural due processes established as set forth hereinabove, and filing the appropriate appeal procedures set forth above.  Based upon the above and forgoing, these Defendants Motions to Dismiss should be granted and these civil actions dismissed.

WHEREFORE, PREMISES CONSIDERED, the Defendants submit this Rebuttal Brief in Support of their Motion to Dismiss move this Court to grant their Motions to Dismiss and dismiss the Second Amended Complaints with prejudice as to these Defendants.

RESPECTFULLY SUBMITTED, this the 13th day of February, 2026.

PETER ABIDE AND CURRIE JOHNSON & MYERS, P.A., DEFENDANTS

BY AND THROUGH THEIR ATTORNEYS OF RECORD

BOYCE HOLLEMAN & ASSOCIATES

BY:  *s/ Tim C. Holleman*

Tim C. Holleman (MS Bar #2526)
Patrick T. Guild (MS Bar#103739)
BOYCE HOLLEMAN & ASSOCIATES
1720 23rd Ave./Boyce Holleman Blvd.
Gulfport, MS  39501
Telephone: (228) 863-3142
Facsimile: (228) 863-9829
Email:  tim@boyceholleman.com
        patrick@boyceholleman.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have filed the above and foregoing pleading utilizing the ECF system a true and correct copy of the foregoing document and have mailed by United States Mail, postage prepaid, a true and correct copy of the above and foregoing pleading to the Pro Se Plaintiff at his mailing address as follows:

Yuri Petrini
929 Division Street
Biloxi, MS 39530
Email: yuri@megalopolisms.com

THIS this the 13th day of February, 2026.

_s/ Tim C. Holleman_____

Tim C. Holleman (MS Bar #2526)
Patrick T. Guild (MS Bar#103739)
BOYCE HOLLEMAN & ASSOCIATES
1720 23rd Ave./Boyce Holleman Blvd.
Gulfport, MS  39501
Telephone: (228) 863-3142
Facsimile: (228) 863-9829
Email:  tim@boyceholleman.com
        patrick@boyceholleman.com